IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| D.H., by and through his parents, R.H. and J.H. : : : Plaintiff, : : v. : : LOWNDES COUNTY SCHOOL DISTRICT, : : : Defendant. : _____ | Case No. 7:11-CV-55 (HL) |

**ORDER**

This matter is before the Court on appeal from two decisions of Administrative Law Judge Amanda C. Baxter, entered on December 6, 2010 and February 8, 2011, in which she dismissed Plaintiffs' claims against Lowndes County School District ("District"). D.H. ex rel. R.H. and J.H. v. Lowndes County School District, OSAH-DOE-SE-1106474-92-Baxter. In the December 6th order, the Administrative Law Judge, acting on behalf of the Georgia Office of State Administrative Hearings ("OSAH"), concluded that D.H., a disabled student, was barred from bringing a claim for prospective relief against the District because D.H. was already enrolled in another public school district. The February 8th order dismissed Plaintiffs' remaining claims for compensation and reimbursement for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA").

This Court finds that the dismissal of the claims for prospective relief was appropriate. As D.H. is currently enrolled in Georgia Cyber Academy, claims for prospective relief against the District are without merit. However, the Plaintiffs' claims for compensation and reimbursement should not have been dismissed, and therefore, this Court remands the case back to the Administrative Law Judge for further consideration on these claims.

I. **Background**

D.H. is a minor child with disabilities, and his education in Georgia public schools is regulated by IDEA. Plaintiffs contend that Defendants violated IDEA by denying D.H. a statutorily-guaranteed free appropriate public education ("FAPE") and, as a result, D.H. severely regressed in his functioning and abilities. Plaintiffs further contend that repeated efforts were made to contact Defendants about the allegedly deficient treatment of D.H., but Defendants declined to take any measures to address D.H.'s regression. As a result of their frustration with Defendants, on August 24, 2010, Plaintiffs applied for enrollment at Georgia Cyber Academy, an online public school. The paperwork for enrollment was completed on September 3, 2010. On September 8, 2010, Plaintiffs filed an official due process complaint against the District pursuant to IDEA.

a. **IDEA Framework**

IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare

disabled students for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). IDEA provides federal assistance to States that follow IDEA guidelines and provide appropriate educational opportunities to children with disabilities. 20 U.S.C. § 1412(a)(1)(A).

A key aspect of IDEA is encouraging parental involvement in the educational advancement of their child. Parents and schools work collaboratively to develop, review, and revise individualized education programs ("IEP") for each disabled student. 20 U.S.C. §§ 1412(a)(4), 1414(d). This parent/school partnership helps to create an IEP that is "reasonably calculated to enable the child to receive educational benefits." Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1280 (11th Cir. 2008).

If a parent disagrees with the IEP prepared for his or her child, or otherwise believes that the child has been denied an appropriate education, there is a formal IDEA process for lodging grievances. First, IDEA requires the parent to file a formal complaint. 20 U.S.C. § 1415(f)(1)(A). The complaint must relate to the identification, evaluation, or educational placement of the child. Id. at § 1415(b)(1)(E). After the complaint is filed, the parent is entitled to a due process hearing conducted by a local or state education agency. Id. at § 1415(f)(1)(A).

Once available administrative remedies have been exhausted, either party may appeal the decision from the hearing to the United States District Court with respect to the contents of the administrative complaint. 20 U.S.C. § 1415(i)(2)(A).

The district court is entitled to receive records of administrative proceedings, as well as any additional evidence requested by the parties, and to grant relief as the court deems appropriate. Id. at § 1415(i)(2)(C).

## II. Analysis

There are two issues here. First, what is the appropriate timing for the filing of a due process complaint under IDEA? Second, and closely related, does the failure to file a complaint at a certain time constitute a failure to exhaust administrative remedies and justify dismissal?

### a. Appropriate Timing for Filing Complaints

As to the first issue, there is a split of authority on the question of the proper time for filing, and the Eleventh Circuit has not yet addressed the matter. In fact, the only federal appellate court to issue an opinion directly on point is the Eighth Circuit. In Thompson v. Board of the Special School District, the Eighth Circuit held that if a child left a school district, then the window of opportunity to file a complaint against the district was closed. 144 F.3d 574, 578 (8th Cir. 1998). The court stated "[i]f a student changes school districts and does not request a due process hearing, his or her right to challenge prior education services is not preserved." Id. at 579. The rationale behind this holding centered on what the court believed to be the entire purpose of a due process hearing – to put the school district on notice of a problem and to allow time for remedial measures. Id. Several Eighth Circuit opinions have reinforced this holding. See C.N. v. Willmar

Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630-31 (8th Cir. 2010); M.P. ex rel. K. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 980 (8th Cir. 2003).

One district court within the Eleventh Circuit has adopted the reasoning from Thompson. See Steven H. v. Duval Cnty. Sch. Bd., No. 3:99-cv-500-J-20TJC, 2001 WL 36341690 (M.D. Fl. May 8, 2001). In that case, a student withdrew from public school and enrolled in private school, and subsequent to his transfer, he commenced administrative proceedings against the former school district. Id. at *2. The Middle District of Florida held that the plaintiff must exhaust the available administrative remedy of a due process hearing "*while* the student is attending school in the public school district to ensure that the school district is adequately notified of the alleged problem and given an opportunity to cure it." Id. at *3 (emphasis in original). Additionally, the court noted that failure to commence administrative proceedings while the student is attending the school is "fatal to any subsequent IDEA-based claims." Id. (citing Thompson, 144 F.3d at 579).

However, in direct contrast to Thompson jurisprudence, federal district courts in Michigan, California, and Pennsylvania have taken the position that complaints can be filed against a school district even if the child is no longer a student. See Grand Rapids Pub. Sch. v. P.C., 308 F.Supp.2d 815 (W.D. Mich. 2004) (allowing a student to bring a claim after changing districts because of the remedial intent of IDEA); Lewis Cass Intermediate Sch. Dist. v. M.K., 290 F.Supp.2d 832 (W.D. Mich. 2003) (finding that there is "no reason that a district court should deny a student his right to a due process hearing regarding

5

compensatory educational services simply because the student requested his hearing after, rather than prior to, moving from the district"); Alexis R. v. High Tech Middle Media Arts Sch., No. 07cv830 BTM (WMc), 2009 WL 2382429, at *7 (S.D. Cal. Aug. 3, 2009) (determining that relief may be granted in favor of plaintiffs even if the student did not bring claims until after exiting the school district); Neshaminy Sch. Dist. v. Karla B., No. 96-3865, 1997 WL 137197, at *6 (E.D. Pa. 1997) (permitting a student's claim for compensatory relief to move forward, even though he moved out of defendant school district before filing his request for a due process hearing). These cases all advocate a more liberal approach to IDEA, especially when the relief sought is compensatory.

General principles of fairness lead this Court to conclude that the federal district courts in Michigan, California, and Pennsylvania promote a better policy. IDEA is remedial in nature. Disabled students are guaranteed an appropriate public school education, and if a school fails to provide this education, IDEA enables these students to be compensated for the lack of educational opportunities. The opportunity to recover for a school district's violations should not be limited to the time when the student is enrolled in the school district.

  b. **Exhaustion of Administrative Remedies**

Even if this Court were to adopt the Thompson reasoning from the Eighth Circuit, dismissal would still not be appropriate in this case. According to Eleventh Circuit jurisprudence, full exhaustion of available administrative remedies in IDEA cases is paramount, but is not strictly applied in every case.

See <u>Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F.</u>, 740 F.Supp.2d 1335, 1345 (N.D. Ga. 2010). The Eleventh Circuit has articulated four main reasons supporting the exhaustion requirement under IDEA: (1) permitting agencies to exercise discretion and expertise; (2) allowing the full development of technical issues and a factual record; (3) preventing deliberate disregard of agency procedures effectuated by Congress; and (4) avoiding unnecessary judicial decisions by letting the agency attempt to resolve the situation first. <u>Atlanta Indep. Sch. Sys.</u>, 740 F.Supp.2d at 1345 (citing <u>N.B. v. Alachua Cnty. Sch. Bd.</u>, 84 F.3d 1276, 1378 (11th Cir. 1996)). The Eleventh Circuit has also noted that the exhaustion requirement should not be "applied inflexibly" and exhaustion is not required where resort to administrative remedies would be futile or inadequate. <u>Atlanta Indep. Sch. Sys.</u>, 740 F.Supp.2d at 1345.

In this case, Plaintiffs allegedly attempted contact the District numerous times to schedule an IEP meeting pursuant to IDEA procedures. (Doc. 1, p. 4). The frustration of repeated failed attempts to contact the District eventually intensified to such a degree that Plaintiffs felt compelled take immediate action and move D.H. to a new school. (Doc. 1, p. 5-6). While the exact reason behind Plaintiffs' failure to file a due process complaint before transferring D.H. is unclear, what is clear is that if Plaintiffs allegations against the District are true, the District should not be rewarded for its avoidance techniques and its failure to respond to Plaintiffs' concerns.

While Plaintiffs did not technically exhaust their administrative remedies, this is a case where exhaustion is not required. None of the policy reasons stated by the Eleventh Circuit are advanced by the ALJ's dismissal of Plaintiffs' complaint. Dismissing the Plaintiffs' complaint on a procedural ground does not permit agencies to exercise discretion, allow full development of technical issues, prevent deliberate disregard of agency procedures effectuated by Congress, or avoid unnecessary judicial decisions. Atlanta Indep. Sch. Sys., 740 F.Supp.2d at 1345. Further, the exhaustion requirement should not be applied dogmatically, especially when application of the requirement would lead to an unjust result.

III. **Conclusion**

In this case, the underlying policies behind IDEA are not furthered by dismissing all of the Plaintiffs' claims. IDEA was created to ensure proper education for disabled students and to compensate those students who have been denied an appropriate education. "IDEA is better read to permit more process (a due process hearing following a separate investigation) as opposed to less process (the investigation foreclosing a later statutorily referenced due process hearing)." Grand Rapids, 308 F.Supp.2d at 817. To interpret the statute so as to restrict opportunities for students to be compensated for inadequate education would be to disregard the purpose behind the statute. Id.

Accordingly, the Court remands this case to the Administrative Law Judge for a full hearing on Plaintiffs' claims for compensatory education and

8

reimbursement. The order dismissing Plaintiffs' claims associated with prospective relief is upheld.

**SO ORDERED,** this 9th day of September, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr